IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRANDON ARRINGTON, | ) | |
| | ) | |
| Petitioner, | ) | 8:18CV559 |
| | ) | |
| v. | ) | |
| | ) | |
| BRADLEY JOHNSON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

After initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I will dismiss this § 2241 petition without prejudice.[1]

The Petitioner, a pretrial detainee, is charged in the Lancaster County, Nebraska District Court with various felony drug charges. The county judge found probable cause to hold Petitioner and set bail at 10% of $250,000. On motion of Petitioner, bail was later reduced to 10% of $125,000. Petitioner thereafter waived a preliminary hearing and his case was bound over to the district court.[2] Petitioner is represented by appointed counsel. In the state district court, he has not challenged the amount of the bond. In this court, Petitioner challenges the bond and claims that it is excessive under the Eighth Amendment.

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows me to apply Rule 4 of those rules to a section 2241 petition. *See also* 28 U.S.C. § 2243.

[2] I have reviewed the entire case file through Nebraska's judicial records system made available to the judges of this court. *See Stutzka v. McCarville*, 420 F.3d 757, 761, n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). The state district court case number is 18-1293.

There is nothing unusual about this pending state criminal case. Accordingly, it is clear that this case must be dismissed. *See*, *e.g.*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court" and a petitioner must "exhaust[] all available state remedies as a prelude to th[e] action."); *Crandle v. Oliver*, No. CV 1:17-00562-WS-N, 2018 WL 1041582, at *3 (S.D. Ala. Jan. 23, 2018) (recommending dismissal and applying *Braden* to a petitioner who, among other things, challenged the failure to give him a reasonable bond), report and recommendation adopted, No. CV 1:17-00562-WS-N, 2018 WL 1037053 (S.D. Ala. Feb. 23, 2018).

Petitioner has had one bond review already and his bond was reduced. He has not further challenged his bond in the state district court. In short, a "federal court is . . . not empowered to 'substitute its opinion as to what an appropriate amount of bail should be.'" *Nowaczyk v. State of N.H.*, 882 F. Supp. 18, 21 (D. N.H. 1995) (citation omitted). Indeed, in this Circuit, it has long been the law that a "federal court would not be entitled to act in substitution of judgment for that of the state court" when it comes to matters of bail. *Mastrian v. Hedman*, 326 F.2d 708, 711 (8th Cir. 1964). Petitioner is not entitled to relief.

Finally, although Petitioner sought relief under 28 U.S.C. § 2241, he must obtain a certificate of appealability if he wishes to appeal. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); Rule 1(b) and Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus is denied and dismissed without prejudice. No certificate of appealability has been or will be issued. Judgment will be entered by separate document.

DATED this 10th day of December, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge